# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUIS PEREZ (#K-03835), | ) | |
|     Plaintiff, | ) | Case No: 13 C 5635 |
| | ) | |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| MARCUS HARDY, et al., | ) | |
|     Defendants. | ) | |

## ORDER

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $56.54 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the supervisor of the inmate trust account office at Stateville Correctional Center. The Clerk shall issue summonses to Defendants Hardy, Cross, Makowski, Prado, Sanders, and Carter, and the U.S. Marshals Service is directed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice. Plaintiff may file a renewed motion for attorney representation later in this case. Status hearing set for 10/9/2013 at 9:15 a.m.

## STATEMENT

Plaintiff, an inmate in state custody at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions of confinement at Stateville Correctional Center. Plaintiff alleges that beginning on July 28, 2011, and continuing for a period of 34 days, the sink in his cell stopped working, requiring him to use the water from his cell toilet to drink, brush his teeth, and wash himself. As a result of ingesting the toilet water, Plaintiff alleges that he became ill and that he was provided constitutionally inadequate medical care. Plaintiff names as Defendants former Stateville Warden Marcus Hardy, Lieutenant Cross, Lieutenant Makowski, Sergeant Prado, Counselor Sanders, and Dr. Imhotep Carter.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $56.54. The supervisor of inmate trust accounts at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All

payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from Stateville to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's factual allegations as true, the court finds that the complaint states a plausible claim Defendants Hardy, Cross, Makowski, Prado, and Sanders for unconstitutional conditions of confinement. *See Budd v. Motley,* 711 F.3d 840 (7th Cir. 2013). Plaintiff has also stated a valid claim for deliberate indifference to a serious medical condition against Defendant Carter. *See Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006).

The Clerk shall issue summonses for service of the complaint on Defendants Hardy, Cross, Makowski, Prado, Sanders, and Carter. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. The Marshals Service shall send Plaintiff any forms Plaintiff must complete in connection with the service process. The Marshals Service should make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshals Service with Defendant's last-known address. The information shall be used only for purposes of effectuating service, and any address information shall be retained only by the Marshals Service and not placed in the court file or otherwise disclosed. The Marshals Service is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants or, once counsel appears, to defense counsel. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court.

Plaintiff has filed a motion for attorney representation. The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Nevertheless, the court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *See Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *See Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 U.S. App. LEXIS 10927 *7 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the Court must examine "whether the difficulty of the case--factually and legally--

exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 U.S. App. LEXIS 10927 at *7 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Ibid*.

After considering the above factors, the court concludes that the solicitation of counsel is not warranted in this case. First, Plaintiff has not identified any of the lawyers or law firms he has contacted, and therefore has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Second, the complaint sets forth cognizable claims, and Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. At this point, Plaintiff appears more than capable of litigating this matter. Therefore, Plaintiff's motion for attorney representation is denied. The denial is without prejudice, and if the case reaches the point where Plaintiff believes that he cannot adequately litigate his own claims, he may file a new motion for attorney representation.

Date: 08/14/2013                                                /s/ Gary Feinerman